William M. Demlong (SBA#012458)
Donald R. Kunz (SBA# 000795)
**KUNZ PLITT**
**HYLAND & DEMLONG**
3838 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
(602) 331-4600
wmd@kunzlegal.com; drk@kunzlegal.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Markel International Insurance Company, a citizen or subject of a foreign country, as real party in interest and as successor to Terra Nova Insurance Company, formerly a citizen or subject of a foreign country,<br><br>       Plaintiff,<br><br>v.<br><br>Venu at Grayhawk Condominium Association, Inc., a non-profit corporation organized and existing under and pursuant to the laws of the State of Arizona; The Edge at Grayhawk Condominium Association, a corporation organized and existing under and pursuant to the laws of the State of Arizona; Magellan Construction, L.P. an Arizona limited partnership,<br><br>       Defendants. | No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

As and for its claim for declaratory judgment and related relief under and pursuant to those a certain provisions of the United States Code pertaining to actions for declaratory judgment, Plaintiff above-named claims and alleges as follows:

1.      Plaintiff, Markel International Insurance Company ("Markel"), is a business entity organized and existing under and pursuant to the laws of the United Kingdom, and accordingly Markel is a citizen or subject of a foreign state within the meaning of 28 U.S.C. § 1332 (a)(2).

2.      Terra Nova Insurance Company ("Terra Nova"), was a business entity organized and existing under and pursuant to the laws of the United Kingdom, and accordingly Terra Nova was a citizen or subject of a foreign state within the meaning of 28 U.S.C. § 1332 (a)(2).

3.      Terra Nova was heretofore acquired by Plaintiff, Markel, and Markel is thus the successor to and of Terra Nova; accordingly, Markel is the real party in interest in this proceeding, having succeeded to the rights and liabilities of Terra Nova with respect to the policy of insurance hereinafter alleged.

4.      Defendant, Venu at Grayhawk Condominium Association, Inc., is a corporation, not for profit, organized and existing under and pursuant to the laws of the State of Arizona with its principal place of business in the State of Arizona and, a citizen of the State of Arizona.

5.      Defendant, The Edge at Grayhawk Condominium Association, is a corporation, not for profit, organized and existing under and pursuant to the laws of the State of Arizona with its principal place of business in the State of Arizona and, a citizen of the State of Arizona.

6.      Magellan Construction, LP is an Arizona limited partnership whose owners are all citizens of the State of Arizona.

7.      Jurisdiction of this action in this Court is proper under the provisions of 28 U.S.C. §1332 (a)(2) because the matter in controversy exceeds the sum of $75,000,

1   exclusive of interest and costs, and is between citizens of a State and citizens or subjects of

2   a foreign state.

3           8.     Venue of this action in this Court is proper under the provisions of 28 U.S.C.

4   §1391 in that the District of Arizona is a judicial district in which a substantial part of the

5   events or omissions giving rise to the claim occurred.

6           9.     Terra Nova heretofore issued and delivered to Valley Wide Plastering, Inc.,

7   an Arizona corporation, as named insured, a policy of general liability insurance, Policy

8   No. FB 00BJ40-00923, ("Policy") a copy of which is annexed hereto, marked as Exhibit A.

9          10.    The Policy was effective July 23, 2000 to July 23, 2002.

10          11.    In 2009, Defendant, Venu at Grayhawk Condominium Association, Inc.,

11   prosecuted an action in the Superior Court of the State of Arizona in and for the County of

12   Maricopa, No. CV2009-004664 (consolidated with CV2009-007737), hereinafter the

13   "Venu Action".

14          12.    In 2009, Defendant, The Edge at Grayhawk Condominium Association,

15   prosecuted an action in the Superior Court of the State of Arizona in and for the County of

16   Maricopa, No. CV2009-010114 (consolidated with CV2009-016934), hereinafter the

17   "Edge Action".

18          13.    In connection with both the "Venu action" and the "Edge action", counsel for

19   Defendant Magellan Construction, LP, an Arizona limited partnership ("Magellan"),

20   Townhome Village at Grayhawk, LLC, an Arizona limited liability company

21   ("Townhome"), and Garden Village Associates at Grayhawk, LLC, a Delaware limited

22   liability company ("Garden Village"), made various written demands to Terra Nova

23   seeking defense and/or coverage for Magellan, Townhome, and Garden Village, under the

24   Terra Nova Policy.  A copy of these demands is attached hereto as Exhibit B.

25

14.     In response to the written demands alleged in the preceding paragraph of this Complaint for Declaratory Judgment, Terra Nova, through itself or through its counsel, made written responses to the aforesaid demands.  Copies of the written responses are attached at Exhibit C.

15.     Subsequently, and notwithstanding Terra Nova's stated written position that it was neither obligated to defend Magellan, Townhome, or Garden Village in either such action, nor did the Terra Nova policy provide coverage to any of them for any matter alleged in either such action, Terra Nova in the Venu action, in order to buy its peace, offered to contribute the sum of $50,000, which such offer was declined.

16.     Thereafter, in the "Venu Action", Defendant Venu entered into a certain document styled "Settlement Agreement and Assignment of Claims", which was then followed by a certain "Stipulation and Joint Motion for Entry of Judgment for Plaintiff", which was then followed by a certain "Judgment for Plaintiff", true copies of each of which are annexed hereto, marked as Exhibit D.

17.     The "Judgment for Plaintiff" referenced in the previous paragraph of this Complaint for Declaratory Judgment names Defendant, Venu at Grayhawk Condominium Association, Inc., as judgment creditor, and recites that the sum of $1,178,600 was "For claims related to and/or damage caused by work of Valley Wide Plastering".

18.     Thereafter, in the "Edge action", Defendant Edge entered into a certain document styled "Settlement Agreement and Assignment of Claims", which was then followed by a certain "Stipulation and Joint Motion for Entry of Judgment for Plaintiff", which was then followed by a certain "Judgment for Plaintiff", true copies of each of which are annexed hereto, marked as Exhibit E.

- 4 -

19.     The "Judgment for Plaintiff" referenced in the previous paragraph of this Complaint for Declaratory Judgment names Defendant, The Edge at Grayhawk Condominium Association, as judgment creditor, and recites that the sum of $1,178,600 was "For claims related to and/or damage caused by work of Valley Wide Plastering".

20.     Both documents hereinabove styled "Settlement Agreement and Assignment of Claims" recite, in part, that Defendants Venu and Edge, and each of them, allege that liability to them is insured, in part, by the aforesaid Terra Nova Policy and that "a defense was owed" to Venu and Edge as "additional insureds" by Terra Nova thereunder, and that Terra Nova "improperly reserved rights, failed to defend or declined coverage".   The foregoing allegations are found in the document styled "Settlement Agreement and Assignment of Claims" at page 6, paragraph "I".

21.     Plaintiff Markel alleges that under the facts and pursuant to the governing law, Terra Nova, and thus Markel as successor to Terra Nova, had no duty to defend Magellan, Townhome, or Garden Village in either of the aforesaid actions in the Superior Court of the State of Arizona in and for the County of Maricopa, nor does or did the Terra Nova Policy provide coverage to Magellan, Townhome, or Garden Village, or any of them, as a consequence of any matter or thing then or thereafter alleged in either of the aforesaid actions in the Superior Court of the State of Arizona in and for the County of Maricopa, and that a justiciable controversy presently exists between Markel, as real party in interest, and Defendants, and each of them, as to the ongoing issues of defense and coverage in view of the fact that pursuant to the terms of the aforesaid documents styled "Settlement Agreement and Assignment of Claims" Venu and Edge purport to be the assignees of certain claims, as set forth in the annexed settlement agreements, at page 10, paragraph 7, styled "Assignment of Claims", and that the claims allegedly reposing in Venu and Edge as

assignee include claims against Terra Nova respecting the issues of defense and coverage. The controversy aforesaid is present and subsisting, and the rights and liabilities of the parties hereto are and will remain uncertain until such time as the full extent of such rights and liabilities has been adjudicated and declared by this Court.

22.     Based upon the above facts a justiciable controversy has arisen concerning the rights of the parties under the Policy.  Pursuant to A.R.S. § 12-1831, *et seq.* and 28 U.S.C. § 2201, *et seq.*, Plaintiff is entitled to a judicial determination of the rights of the parties under the terms of the Policy and the Court, pursuant to those statutes, has jurisdiction to make such determinations.

23.     This action arises out of a contract, as a "contract" is contemplated by the provisions of A.R.S. §12-341.01, as a consequence of which, under that statute, Plaintiff may be entitled to an award of reasonable attorneys fees on the conclusion of this action.

Wherefore, Plaintiff, Markel International Insurance Company, as real party in interest and successor to Terra Nova Insurance Company, prays the judgment, decree and declaration of this Court as follows:

1.     That Terra Nova, and Markel as its successor, had and has no obligation to defend Magellan Construction, LP, Townhome Village at Grayhawk, LLC, or Garden Village Associates at Grayhawk, LLC, or any of them, in either of the actions heretofore filed in the Superior Court of the State of Arizona in and for the County of Maricopa under the subject Policy issued by Terra Nova;

2.     That such Policy provides and provided no coverage (defense or indemnification) to or for Magellan, Townhome, or Garden Village for any of the events alleged in the aforesaid actions in the Maricopa County Superior Court;

3.     That Plaintiff shall have no duty to defend or indemnify and/or provide coverage to Magellan, Townhome, or Garden Village in any future claim or proceeding based upon the facts alleged in the aforesaid 2009 actions pending in the Superior Court of the State of Arizona in and for the County of Maricopa;

4.     For recovery of Plaintiff's costs and reasonable attorneys' fees herein incurred;

5.     And for such other and further relief as may be just, proper or appropriate under those statutes of the United States pertaining to the grant of Declaratory Judgment.

DATED this 2nd day of June, 2011.

KUNZ PLITT
HYLAND & DEMLONG
A Professional Corporation


By    s/William M. Demlong
          William M. Demlong
          Donald R. Kunz
          3838 North Central Avenue, Suite 1500
          Phoenix, Arizona 85012
          Attorneys for Plaintiff

- 7 -